*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH BENEDETTI, Individually and as Trustee of the WILFRED BENEDETTI TRUST, and EVA BENEDETTI,

UNPUBLISHED
September 17, 2025
11:55 AM

Plaintiffs-Appellants,

v

No. 369249
Monroe Circuit Court
LC No. 2020-143196-CK

MONROE COUNTY TREASURER and COUNTY OF MONROE,

Defendants-Appellees.

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

In this action arising from the tax foreclosure sale of two properties which resulted in surplus proceeds, plaintiffs, Joseph Benedetti, individually and as trustee of the Wilfred Benedetti Trust, and Eva Benedetti, appeal by right the trial court order granting summary disposition in favor of defendants, the Monroe County Treasurer and the County of Monroe. Because plaintiffs' lawsuit did not follow the procedure in MCL 211.78t under the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, to claim the surplus proceeds from the tax foreclosure sale of their properties, we affirm.

## I. BACKGROUND AND FACTS

We treat the allegations of the complaint as true for purposes of MCR 2.116(C)(8) review. Plaintiffs owned properties in Flat Rock located at 14800 Telegraph Road and on Chamberlain Street. In February 2017, the properties were foreclosed upon for unpaid taxes and title was transferred from plaintiffs to the treasurer. The properties were purchased at auction for $175,000, resulting in a surplus of $148,464.70, after accounting for $26,535.30 in delinquent property taxes, plus interest, costs, and penalties. The surplus funds reverted to defendants. That year, plaintiffs filed suit against the treasurer seeking relief from the foreclosure judgment and to quiet title on the basis that the treasurer did not provide them with sufficient notice—effectively seeking to

"unwind" the foreclosure proceedings and pay the delinquent taxes. That case was dismissed with prejudice by stipulated order in March 2018.

On July 17, 2020, our Supreme Court issued its decision in *Rafaeli, LLC v Oakland Co*, 505 Mich 429; 952 NW2d 434 (2020). The Court held that former owners of properties sold at tax foreclosure sales are entitled to just compensation in the form of the surplus proceeds above the amount owed in delinquent property taxes and associated interest, penalties, and fees. *Id.* at 484-485. Plaintiffs filed this second lawsuit shortly thereafter on July 27, 2020, asserting that defendants' retention of the surplus proceeds following the tax foreclosure sale of their properties amounted to an unconstitutional taking without just compensation as recognized in *Rafaeli* and that plaintiffs were entitled to recovery of the surplus amount.

Defendants eventually moved for summary disposition under MCR 2.116(C)(8) on the basis that plaintiffs could not seek compensatory relief through this litigation because MCL 211.78t, a statute enacted in response to *Rafaeli*, provided the exclusive remedy for their claims, and plaintiffs failed to follow its requirements.[1] Plaintiffs did not contest defendants' assertion that they did not follow the procedure established by MCL 211.78t, but argued that they were not required to do so because they filed their lawsuit before the statute became effective. The trial court agreed with defendants that plaintiffs' only "avenue for recovery" would have been under MCL 211.78t and therefore granted their motion for summary disposition. Plaintiffs now appeal.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim.[2] *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(8) is warranted only when the claim is so unenforceable as a matter of law that no factual development could justify recovery. *Id*. at 160. When reviewing a motion brought under MCR 2.116(C)(8), this Court must consider the motion on the basis of the pleadings alone and accept all factual allegations as true. *Id*.

To the extent this case involves the interpretation of statutes, this Court's review is also de novo. *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 419; 662 NW2d 710 (2003). The primary goal of statutory interpretation is to ascertain the legislative intent that may be reasonably inferred from the words of the statute, and if the words of a statute are clear, it is presumed that the Legislature intended the meaning expressed. *Id.* at 420.

---

[1] Defendants also argued for summary disposition under MCR 2.116(C)(7) on the basis of the statute of limitations, immunity, and res judicata.

[2] Although the trial court did not specify which subrule it relied upon in granting the motion, it addressed only defendants' arguments that plaintiffs failed to state a claim.

III. ANALYSIS

The trial court properly granted defendants summary disposition because plaintiffs' lawsuit did not follow the procedure mandated by MCL 211.78t for the recovery of tax foreclosure surplus proceeds.

As noted above, in *Rafaeli*, 505 Mich at 484, our Supreme Court held that former owners of properties sold at tax foreclosure sales had "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." This right still existed after fee simple title of the properties vested with the foreclosing governmental unit. *Id*. The governmental unit's "retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of [the] plaintiffs' properties under Article 10, § 2 of our 1963 Constitution." *Rafaeli*, 505 Mich at 484-485. Thus, the former owners were entitled to just compensation in the form of the surplus proceeds. *Id*. at 485.

Before *Rafaeli* was decided, the GPTA did not provide former property owners with the right to claim surplus proceeds after a tax foreclosure sale. *Id*. at 447-448. Thus, the *Rafaeli* Court announced that the GPTA was unconstitutional as applied to these former property owners to the extent it allowed the foreclosing governmental unit to retain the surplus proceeds. *Id*. at 474-475. Since there was no mechanism in the GPTA for former owners to recover those proceeds, the Michigan Legislature quickly amended the GPTA in response, passing 2020 PA 255 and 2020 PA 256 with immediate effect on December 22, 2020.

Specifically, MCL 211.78t was added to the GPTA by 2020 PA 256, and provides the means for former owners to claim and receive any applicable remaining proceeds from the tax foreclosure sales of their former properties. MCL 211.78t(11) provides that this statute is "the exclusive mechanism for a claimant to claim and receive any applicable remaining proceeds under the laws of this state." We have recently interpreted this language to mean that the statute provides the "sole mechanism" for recovering surplus proceeds. *In re Petition of Muskegon Co Treasurer for Foreclosure*, 348 Mich App 678, 688; 20 NW3d 337 (2023).

MCL 211.78t provides, in relevant part:

(1) A claimant may submit a notice of intention to claim an interest in any applicable remaining proceeds from the transfer or sale of foreclosed property under [MCL 211.78m], subject to the following:

(a) For foreclosed property transferred or sold under section 78m after July 17, 2020, the notice of intention must be submitted pursuant to subsection (2).

(b) For foreclosed property transferred or sold under section 78m before July 18, 2020, both of the following:

(*i*) A claim may be made only if the Michigan supreme court orders that its decision in *Rafaeli, LLC v Oakland County*, docket no. 156849, applies retroactively.

-3-

(*ii*) Subject to subparagraph (*i*), the notice of intention must be submitted pursuant to subsection (6).

* * *

(6) For a claimant seeking remaining proceeds from the transfer or sale of a foreclosed property transferred or sold under [MCL 211.78m] pursuant to this subsection, the claimant must notify the foreclosing governmental unit using the form prescribed by the department of treasury . . . in the manner prescribed . . . by the March 31 at least 180 days after any qualified order. . . . To claim any applicable remaining proceeds to which the claimant is entitled, the claimant must file a motion with the circuit court in the same proceeding in which a judgement of foreclosure was effective under section 78k by the following October 1. . . .

Plaintiffs' properties were sold at auction in August 2017, thus falling under MCL 211.78t(1)(b).

Plaintiffs argued in the trial court and in their brief on appeal that MCL 211.78t does not apply to their claims because they filed suit before the statute took effect. Our Supreme Court's intervening decision in *Schafer v Kent Co*, ___ Mich ___; ___ NW3d ___ (2024) (Docket Nos. 164975 and 165219), rejects that argument, however, and conclusively resolves this case. There, the Court held both that "*Rafaeli* has full retroactive effect," *id*. at ___; slip op at 21, and that "MCL 211.78t, which establishes a procedure for processing claims made under *Rafaeli*, applies retroactively to claims arising prior to its enactment[,]" *id.* at ___; slip op at 4. Under *Schafer*, then, plaintiffs are not precluded from seeking *Rafaeli*-based recovery of the surplus proceeds from the tax foreclosure sale of their properties, but they may do so only under MCL 211.78t(1)(b) and (6).

*In re Kent Co Treasurer for Foreclosure*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket Nos. 363463, 363766, 363808, and 364114), decided after *Schafer* and containing facts similar to this case, confirms this conclusion. There, the respondents' properties were transferred or sold after July 17, 2020, falling under MCL 211.78t(1)(a), but the respondents argued that they were still able to bring a takings claim, regardless of whether they complied with MCL 211.78t. *Id.* at ___; slip op at 7. This Court rejected that argument, explaining that "[t]here is no compensable takings claim when statutory procedures exist for property owners to recover surplus proceeds and a property owner's failure to follow those procedures results in a forfeiture of surplus proceeds." *Id.*, citing *Muskegon Treasurer*, 348 Mich App at 700. Here, although plaintiffs' properties were sold before July 17, 2020 so a different subsection of MCL 211.78t applies, the result is the same—plaintiffs cannot recover except by complying with the procedure laid out in the statute.

Plaintiffs' argument to the contrary relies principally on a holding of this Court that has since been overturned. In *Proctor v Saginaw Co Bd of Comm'rs*, 340 Mich App 1; 985 NW2d 193 (2022) (*Proctor I*), vacated in part and lv den in part ___ Mich ___ (2024) (*Proctor II*), this Court held that *Rafaeli* applied retroactively to pending cases where the challenge brought by the plaintiff had been "raised and preserved," but that the plaintiff did not have to follow the requirements of MCL 211.78t(1). *Id.* at 23, 26. Our Supreme Court, however, vacated the portion of this Court's opinion in *Proctor I* that included this analysis and remanded for reconsideration

-4-

under *Schafer*. *Proctor II*, ___ Mich at ___. Thus, the portion of *Proctor I* relied upon is no longer good law.

Plaintiffs also argue, in supplemental briefing, that this case should be remanded for further proceedings consistent with *Schafer*. However, no further proceedings in the trial court could be consistent with *Schafer*. Even assuming that plaintiffs timely complied with the statute's requirement to notify the foreclosing governmental unit of their claim in the form and manner provided, see MCL 211.78t(6), the statute also provides that "the claimant must file a motion with the circuit court *in the same proceeding* in which a judgement [sic] of foreclosure was effective . . . ." *Id.* (emphasis added). Plaintiffs' civil action here, filed in 2020, is not "the same proceeding" in which the judgment of foreclosure was entered on the properties in question. Therefore, a remand would be futile.[3]

In sum, although plaintiffs' claim for recovery of surplus proceeds was filed before MCL 211.78t became effective, the Supreme Court has held that the statute applies retroactively to *Rafaeli*-based claims such as plaintiffs'. *Schafer*, ___ Mich at ___; slip op at 4. As plaintiffs' claims are not compliant with the requirements of the statute, the trial court properly granted defendants summary disposition.[4]

Affirmed. Defendants may tax costs as the prevailing parties. MCR 7.219.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin

---

[3] On May 21, 2025, plaintiffs moved for peremptory reversal, which this Court denied. *Wilfred Benedetti Trust v Monroe Co Treasurer*, unpublished order of the Court of Appeals, entered July 8, 2025 (Docket No. 369249). In their motion, plaintiffs indicated that they had recently filed a motion in the 2016 circuit court case in which the judgment of foreclosure had been entered. We offer no opinion as to how that motion should be decided.

[4] Because this conclusion resolves the appeal in its entirety, we need not consider the parties' arguments regarding the statute of limitations and res judicata.